IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No. 19-CR-03746-JB |
| ) | |
| vs. ) | |
| ) | |
| ZACHARIAH STANLEY JOE, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' SENTENCING MEMORANDUM

The United States of America is in receipt of the Presentence Investigation Report ("PSR"), Doc. 29, and Defendant's Sentencing Memorandum, Doc. 31.  The United States respectfully submits this sentencing memorandum and requests that the Court accept the plea agreement and impose a sentence of 180 months (15 years) imprisonment.

BACKGROUND

On January 3, 2019, Defendant was arrested and charged by criminal complaint with second degree murder in violation of 18 U.S.C. §§ 1153 and 1111. (Doc. 1.)   Defendant almost immediately began the process of accepting responsibility, by waiving his right to a preliminary hearing, a detention hearing, and timely presentation of his case before a grand jury for indictment. (Docs. 8 – 23.)   From the beginning, there was no real question as to what Defendant did to the victim, identified as John Doe in the Information, Doc. 24, who was Defendant's close friend and cousin.   The victim's murder on January 3, 2019, devastated a collective family that was extremely close.   The victim's death should have been completely

1

avoidable.   The parties quickly began to focus on the obligation to review discovery and investigate what took place with the goal of working towards a reasonable outcome.

On January 3, 2019, Defendant, the victim, and the victim's brother were drinking alcohol at a residence in Shiprock, New Mexico, which is within the exterior boundary of the Navajo Nation. (PSR ¶ 9.)   Defendant arrived at the residence and was upset about his job. (*Id*. ¶ 16.)   At one point, Defendant unexpectedly hit the victim in the face causing the victim to fall backwards. (*Id*.)   The victim's brother intervened and began to fight with Defendant, after which the victim and his brother went outside the residence. (*Id*.)   Defendant remained inside of the residence, while the victim's brother went next door to the Defendant's house to break a window. (*Id*.)

Defendant admitted in his plea agreement that he located a knife in the kitchen of the residence and armed himself. (Doc. 27 at 4.)   Having previously locked the victim and his brother out of the residence, Defendant then exited the residence and started a fight with the victim. (*Id*.)   Defendant stabbed the victim approximately 10 times in his chest, side, and neck, which caused the victim's death. (*Id*. at 5.)   While Defendant stabbed the victim, he begged for Defendant to stop. (*Id*.)   The Defendant and the victim are enrolled members of the Navajo Nation. (*Id*. at 4.)

On October 31, 2019, Defendant pled guilty to an Information charging him with second degree murder.   Pursuant to the plea agreement and Fed. R. Crim. P. ("Rule") 11(c)(1)(C), the government and Defendant agreed that a specific sentence of 180 months (15 years) imprisonment is the appropriate disposition in this case.

## THE SENTENCING GUIDELINES CALCULATION

On December 31, 2019, United States probation issued a PSR calculating Defendant's guideline range as 235 months to 293 months based upon a total offense level of 35 and a criminal history category of IV. (PSR ¶ 86.)   The government agrees with the guideline calculations contained in the PSR.

## THE PLEA AGREEMENT

The Rule 11(c)(1)(C) plea agreement contemplated a downward variance to the anticipated guideline range for Defendant.   The government respectfully requests the Court accept this agreement.   As the Supreme Court has recognized, "[t]he potential to conserve valuable prosecutorial resources and for defendants to admit their crimes and receive more favorable terms at sentencing means that a plea agreement can benefit both parties." *Missouri v. Frye*, 132 U.S. 1399, 1407 (2012).   Parties in a criminal case must assess the likely outcome of motions and trial practice.   Defendants in particular must weigh their tolerance for the risk of losing a trial against the benefits of a negotiated settlement.   Likewise, counsel for the United States must weigh the risks of proceeding to trial.

The United States carefully weighed the evidence in this case.   In negotiating Defendant's plea agreement, the United States considered the strength evidence as well as the impact additional litigation would have on the victim's family.   The parties evaluated the evidence and the elements of second degree murder and voluntary manslaughter.   The proposed plea agreement avoids forcing the victim's family, who is also Defendant's extended family, to testify about the facts outlined above.   One of the victim's family members voiced an opinion that the family did not agree with the stipulated 15-year sentence, PSR ¶ 102, but in finalizing

3

the plea agreement the government received support to resolve the case with this proposed 15-year sentence from the victim's mother and stepfather.   This support naturally came with emotion and a realization that no term of imprisonment would bring the victim back to the family.  Accordingly, the United States asks this Court to accept Defendant's plea agreement.

## ARGUMENT

As this Court is well-aware, the United States Sentencing Guidelines are advisory. *See United States v. Booker*, 543 U.S. 220, 234 (2005).   In determining a sentence, the district court must consider both the Guidelines and the factors set forth in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 51 (2007).    Under this framework, an appropriate sentence is one that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence to criminal conduct, protects the public from further crimes of the defendant, and provides the defendant with needed educational or vocational training, medical care or other correctional treatment. 18 U.S.C. § 3553(a)(2)(A-D); *Booker*, 543 U.S. at 261-62. Specific factors relevant to the sentencing analysis include the nature and circumstances of the offense and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1-7). Furthermore, while no presumption of reasonableness attaches to a Guideline sentence, *United States v. Rita*, 551 U.S. 338, 350 (2007), the Court still must consider the sentencing Guideline range. 18 U.S.C. § 3553(a)(4).   In particular, the court may conclude that a Guideline sentence is a "rough approximation" of a sentence that would achieve the objectives of 18 U.S.C. § 3553(a). *Rita*, 551 U.S. at 350.   For the reasons set forth below, a 15-year sentence is a proper sentence in this case.

**1. Nature and Circumstances of the Offense**

Defendant pled guilty to the murder of his close friend. In determining Defendant's sentence, the Court must consider the "nature and circumstances" of this offense. 18 U.S.C. § 3553(a)(1). One purpose of this inquiry is distinguishing among defendants who commit a particular offense or type of offense. *See United States v. Cerno*, 529 F.3d 926, 939 (10th Cir. 2008) (Section 3553(a) directs courts to consider "whether the offense committed was more or less heinous than offenses committed by other defendants convicted under the same statute."). Generally, the more egregious the offense the more severe punishment the Court should impose. *See* 18 U.S.C. § 3553(a)(2)(A) (the sentence imposed should reflect the seriousness of the offense.) The present case appears to be unique in many respects to other second degree murder convictions.

Here, Defendant's conduct is terrible and should have been completely avoidable. According to the victim's brother, it was not uncommon for the victim, his brother, and Defendant to drink alcohol together. (PSR ¶ 17.) And although the victim's brother confirmed that physical fights had happened between them in the past, it never escalated to the use of weapons. (*Id*.) Given the use of a weapon and Defendant's failure to stop stabbing the victim as he begged for him to stop, a conviction of second degree murder with an extended term of imprisonment is still necessary to reflect the seriousness of this offense.

**2. History and Characteristics of the Defendant**

According to the PSR, Defendant had a childhood that saw physical abuse to him and his mother by Defendant's alcoholic father. (PSR ¶ 62.) One time, Defendant's father beat his

5

mother so bad that she had to lie to family and say that her injuries were from a car accident. (PSR ¶ 63.)   When Defendant got old enough, he had to intervene to stop his father's abuse against his mother. (*Id*.)   According to Defendant's mother, he unfortunately inherited his father's tendency to become angry when he drinks alcohol. (PSR ¶ 66.)   Defendant had an apparent heart attack at the young age of 13, and another one at a later time. (PSR ¶¶ 69-70.)   It is clear that Defendant suffers from a substance abuse problem. (PSR ¶¶ 73-74.)

Defendant's criminal history appears to encompass anger and alcohol issues (PSR ¶¶ 48-52.)   It is worth noting, however, that until the instant offense of second degree murder, Defendant has not been convicted of a felony.   And his criminal history took place from 2009 at the age of 18, to 2012 at the age of 21. (*Id*.)   From 2012 until January 3, 2019, Defendant appears to have been a law-abiding citizen.   Defendant's criminal convictions result in a subtotal criminal history score of seven, with a criminal history category of IV. (PSR ¶¶ 53-54.)

### 3. The Need for the Sentence Imposed to Promote Respect for the Law, Provide Just Punishment, and Protect the Public from Further Crimes of the Defendant

In determining the sentence, the United States asks the Court to consider the impact of Defendant's criminal conduct on the victim and the victim's family.   There is no question the offense was a traumatic experience both the victim's family and Defendant's family.   And the nature in which the victim's life ended cannot be overlooked or excused because of alcohol. The proposed agreement protects the victim's family from the stress and emotional worry of continued litigation.   It will hopefully allow them to mourn the victim, remember his life, and allow the victim's family an opportunity to reconnect with the Defendant's side of the family.

A 15-year sentence is a significant and just number of years in prison for Defendant's crime.   It should promote respect for the law, and for a long period of time society will be

protected from Defendant's conduct when he drinks alcohol.   Defendant will be in his early 40s when released from federal prison, and hopefully upon release he will have participated in the Bureau of Prison's 500-hour Residential Drug and Alcohol Abuse Program (RDAP).

## CONCLUSION

A 15-year sentence is "sufficient, but not greater than necessary to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a). WHEREFORE, the United States respectfully requests that this Court accept the plea agreement and sentence the Defendant to a term of imprisonment of 18 months (15 years).   The United States requests a subsequent term of 5 years of supervised release.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

 *Filed Electronically* on February 14, 2020
DAVID P. COWEN
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

I hereby CERTIFY that I electronically filed
the foregoing with the Clerk of the Court
using the CM/ECF system which will send
notification to opposing counsel of record
and to U.S. Probation.

      */s/*
DAVID P. COWEN
Assistant United States Attorney